United States District Court
Southern District of Texas
**ENTERED**
April 16, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY CHATHAM, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2655 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Harris County's motion to dismiss. Dkt. 4. Plaintiffs, Ray Chatham and Belinda Green, individually, and as next friends of JeRay Chatham (collectively, "Plaintiffs"), responded. Dkt. 12. Harris County replied. Dkt. 18. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

This is a civil rights case. On November 17, 2015, Harris County Sheriff's deputies received a report that JeRay Chatham was following a woman.[1] Dkt. 3-1 at 4. When the deputies arrived, Chatham was driving around the area. *Id.* Chatham got out of his car, ran into a nearby apartment complex, and took off his clothes. *Id.* The deputies followed him into the complex. *Id.* There, the deputies shot and killed Chatham. *Id.* at 5. They did not fire from close range. *Id.*; *see also* Dkt. 12 at 5. And, when the bullets entered his body, Chatham was not facing (or lunging at) the deputies. *Id.*

---

[1] For the purposes of a motion to dismiss, the court accepts all well-pled facts contained in Plaintiffs' complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Plaintiffs—Chatham's parents—sued Harris County under 42 U.S.C. §§ 1982, 1983, and 1988 as well as the Texas Tort Claims Act (TTCA), Tex. Civ. Prac. & Rem. Code Ann §§ 101.021(2), 101.025. *Id.* at 6, 8. Plaintiffs claim that "Harris County, by and through the Sherriff's [sic] Department have a practice and pattern of exhibiting violent, provocative, oppressive[,] and abusive conduct by officers." Dkt. 3-1 at 5. Plaintiffs allege that Harris County knew about the unreasonable use of force against Chatham, did not correct it, and approved of it. *Id.* Plaintiffs allege that Harris County's policies were a moving force in causing Chatham's death.[2] *Id.* at 5–6. Harris County moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 4.

## II. Legal Standard

### A. Subject matter jurisdiction

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts have original jurisdiction over all civil actions 'arising under the Constitution, laws, or treaties of the United States.'" *Willis of Texas, Inc. v. Stevenson*, Civil Action No. H-09-cv-404, 2009 WL 7809247, at *1, *4 (S.D. Tex. May 26, 2009) (Ellison, J.) (citing 28 U.S.C. § 1331). Federal question jurisdiction exists "only in those cases in

---

[2]Those policies include: (A) failing to discipline/supervise Wilkinson based on unscientific methods; (B) using criminal law standards for assessing officer-involved shootings; (C) training officers to use improper criminal law standards when deciding to use deadly force; (D) using improper criminal homicide investigative standards to evaluate officer-involved shootings for constitutional purposes; (E) improperly returning officers to active duty after shootings without a determination of whether a prior use of force by the officer was justified; (F) failing to train in defensive and tactical procedures; (G) failing to train the deputies regarding proper force alternatives; (H) failing to supervise and review excessive force complaints against officers; (I) having no independent and autonomous body to review officer-involved shootings or having an unreasonable review process; and (J) ratifying the deputies' misconduct. *Id.* at 5–6.

which a well-pleaded complaint establishes either that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id*.

"In determining whether the court has subject matter jurisdiction, [it] must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citation omitted). "[A] trial court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1 ) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plust the court's resolution of disputed facts." *Id.*

### B. Failure to state a claim

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss claims asserted when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[T]he burden is on the moving party to prove that no legally cognizable claim for relief exists." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see*

3

*also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012) (Ellison, J.).

### III. ANALYSIS

Harris County asserts that the court lacks subject matter jurisdiction and that Plaintiffs fail to state a claim. Dkt. 4. Harris County argues that: (1) Plaintiffs lack standing; (2) Plaintiffs lack capacity to sue; (3) the TTCA bars this suit;[3] (4) governmental immunity bars Plaintiffs' wrongful death claim;[4] and (5) Plaintiffs cannot recover damages for their individual § 1983 claims. Dkt. 4 at 3–9.

---

[3] Among its TTCA arguments, Harris County asserts that statute bars Plaintiffs' state-law claims because Plaintiffs "have impermissibly attempted to couch [those] claims in terms of negligence when they are actually a claim for intentional conduct." Dkt. 4 at 7 (citing Tex Civ. Prac. & Rem. Code § 101.057(2)) (TTCA excludes intentional tort claims). The court finds that Plaintiffs waived their intentional tort claims. *See* Dkt. 12 ("Plaintiffs have amended their pleadings and dropped their claims for any actions arising from intentional or malicious actions of the Defendant, specifically, those for cruel and unusual punishment."). As a result, the court does not address Harris Count's request to dismiss Plaintiffs' intentional tort claims. *See* Dkt. 4 at 6; *see also* Dkt. 18 at 4.

[4] Harris County hitches its wrongful death challenge to its notice and immunity waiver arguments. *See* Dkt. 18 at 4 ("it is clear Plaintiffs failed to provide notice of their state law claims as required."); *see id.* ("Plaintiffs have not established waiver of immunity – Harris County is exempt from any state law claim under Texas' Wrongful Death Statute."). Yet, neither argument succeeds. *See infra* Section III.C.1. (rejecting notice argument); *see also infra* Section III.C.2. (rejecting immunity waiver argument). Thus, Harris County provides no basis to dismiss Plaintiffs' wrongful death claim.

### A. Standing

Standing is a jurisdictional issue. *Crane*, 783 F.3d at 250. "To establish Article III standing, a plaintiff must show[:] (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.* at 251.

Harris County argues that "Plaintiffs have set forth no allegations or facts to support the allegations that they have standing to assert equitable claims for the deceased Chatham." Dkt. 4 at 3. The court disagrees. *See* Dkt. 3-1 at 3–5, 7–9.

Plaintiffs allege that Harris County deputies killed their son. Dkt. 3-1 at 3–4. That allegation satisfies all three standing prongs. *See Crane*, 784 F.3d at 251. Plaintiffs show injury by alleging that their son was killed. Dkt. 3-1 at 3–4. They show a causal connection by alleging that the deputies' conduct caused their son's death. *Id.* at 3–4, 7–8. And, they show redressability for that injury by claiming relief that this court could provide upon a favorable judgment. *See Lujan v. Defenders of Wildlife*, 504, U.S. 555, 569, 112 S.Ct. 2130 (1992); *see also* Dkt. 3-1 at 4–5, 8 (damages, attorney's fees). For these reasons, the court finds that Plaintiffs have Article III standing. Accordingly, Harris County's challenge to subject matter jurisdiction fails. Thus, Harris County's 12(b)(1) motion is DENIED.

### B. Capacity

Harris County grounds its capacity challenge in what it considers as Plainitffs' failure to plead that they are Chatham's parents or that either parent is the executor or administrator of his estate. Dkt. 4 at 10. Again, the court disagrees. *See* Dkt. 3-1 at 7–8 (Plaintiffs are Chatham's parents, seeking relief as permitted by law); *see also* Dkt. 12 at 3 (Chatham died intestate, single, and without children).

Construing the complaint in the light most favorable to Plaintiffs, they have alleged enough capacity facts to survive 12(b)(6). Accordingly, the motion is DENIED as to capacity.

### C. Texas Tort Claims Act

Harris County argues that the Texas Tort Claims Act supports several arguments for dismissal. Dkt. 4 at 5–8 (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 101.101, 101.021, 101.057). Generally, Texas' "governmental entities are immune from suits seeking to impose tort liability on them." *City of San Antonio v. Tenorio*,—S.W.3d—, No. 16-0356, 2018 WL 1441791, at *2 (Tex. 2018). However, under the TTCA, that immunity can be waived if an entity "receive[s] notice of a claim against it . . . not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe: the damage or injury claimed; the time and place of the incident; and the incident." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). Yet, "the notice requirements . . . do not apply if the governmental unit has actual notice that death has occurred." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c).

"The actual notice provision requires that a governmental unit has subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Tenorio*, 2018 WL 1441791, at *2. In other words, "a governmental unit has actual notice . . . if it has subjective knowledge of (1) a death . . . ; (2) the governmental unit's fault that produced or contributed to the death . . .; and (3) the identities of the parties involved." *Id.*

The TTCA also retains immunity for certain claims. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.051–.067. Specifically, it excludes claims arising from "the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action . . . [or] is not taken with conscious indifference or reckless disregard for the safety of others." Tex. Civ. Prac. & Rem. Code § 101.055(2).

*1. Notice*

Harris County argues that Plaintiffs cannot recover for their state law claims because they failed to give notice under § 101.101(a). Dkt. 4 at 5; Dkt. 18 at 1–3. Plaintiffs argue that formal notice was not required because Harris County had actual notice of Chatham's death. Dkt. 12 at 4. Harris County concedes that it "was no doubt aware JeRay Chatham's death occurred." Dkt. 18 at 2. However, Harris County asserts that "Plaintiffs have not established Harris County had *actual notice* of its alleged fault." *Id.* (emphasis added).

However, Plaintiffs only needed to allege Harris County had subjective knowledge, not actual notice of its fault. *Compare id.*, *with Tenorio*, 2018 WL 1441791, at *2. In particular, because Harris County knew that Chatham died, and no one disputes the identities of the people involved, Plaintiffs only needed to allege that Harris County had subjective knowledge that the Sheriff's Department's fault produced or contributed to Chatham's death. *Id.* Plaintiffs did so. Dkt. 3 at 4–5. Accordingly, for purposes of the instant motion, Harris County had subjective notice. *See Tenorio*, 2018 WL 1441791, at *2. And, because it had subjective notice, Harris County had actual notice. *See id.* Thus, Plaintiffs' alleged noncompliance with the TTCA does not bar their tort claims.

*2. Immunity waiver*

Harris County argues that Plaintiffs did not allege that their claims fall under a TTCA immunity waiver. Dkt. 4 at 7. The court disagrees. Dkt. 3-1 at 5 ("[A]ny weapons . . . used by the deputies involved, were used or misused by a governmental employee acting within the scope of employment and the use or misuse . . . was a contributing factor to the injuries to Chatham."); *see also id.* ("Plaintiffs seek actual damages . . . and any other relief the court deems appropriate under . . . § 1983, in conjunction with the [TTCA] . . . waiving governmental immunity."). Accordingly, that argument fails as a grounds for dismissal.

*3.     Emergency exemption*

The parties disagree about the applicability of the TTCA emergency exemption.[5] *Compare* Dkt. 4 at 6, *and* Dkt. 18 at 3, *with* Dkt. 12 at 5. No one disputes that the deputies arrived in response to an emergency call. *See* Dkt. 4 at 6; *see also* Dkt. 12 at 5. Harris County argues that the emergency call itself triggers the exemption. Dkt. 4 at 6. Harris County also argues that Plaintiffs have not alleged "that the deputies' actions did not comply with the laws and ordinances applicable to emergency situations." *Id.* Plaintiffs argue that the deputies lost the protections of that exemption when they engaged Chatham because the emergency concluded. Dkt. 12 at 5. Thus, they argue, the context no longer supported the use of deadly force. *Id.*

The inquiry does not end with the emergency call. According to Plaintiffs, when the deputies arrived, Chatham was almost entirely unclothed. Dkt. 3-1 at 4. He did not lunge at them. *Id.* And, when they shot him, he was neither facing them nor in close range. *Id.* at 4–5, 8; Dkt. 12 at 5. Taken together, Plaintiffs have alleged enough facts to support their contention that the deputies acted unlawfully and with conscious indifference or reckless disregard for the safety of others. *Compare* Tex. Civ. Prac. & Rem. Code § 101.055(2), *with* Dkt. 3-1 at 8, *and* Dkt. 12 at 5. Accordingly, the emergency exemption does not defeat Plaintiffs' TTCA claims for purposes of the instant motion.

**D.     Individual claims under § 1983**

Harris County argues that "Plaintiffs should not be entitled to seek damages in their individual

---

[5]The parties disagree about whether: (1) the emergency stopped when the deputies engaged Chatham; (2) Chatham lunged at the deputies; and (3) the deputies fired shots at close range. *See* Dkt. 12 at 5; *see also* Dkt. 18 at 3. The parties also disagree about whether an affirmative answer to any of those questions alters the exemption analysis. *See id.* For purposes of this motion, the court need not consider those disagreements because it must construe the allegations in the light most favorable to Plaintiffs. *See NuVasive*, 853 F. Supp. 2d at 658.

capacity and in some purported representative capacity of their deceased son." Dkt. 4 at 8. Harris County correctly notes that the "Fifth Circuit . . . would allow for individual claims . . . in addition to claims on behalf of an estate under § 1983." *Id.*; *see also Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 208 (5th Cir. 2016) (explaining, based on long-standing precedent, that mother could sue government entities for federal civil rights claims and a wrongful death claim arising out of her son's death). Yet, it "implore[s] this Court to adopt the holdings of [the Eighth and Tenth] Circuits, which is the more reasoned approach." *Id.* The court declines that invitation. *See Rodgers*, 819 F.3d at 208.

## IV. CONCLUSION

Harris County's motion to dismiss for lack of subject matter jurisdiction (Dkt. 4) is DENIED. Its motion to dismiss for failure to state a claim (Dkt. 4) is also DENIED.

Signed at Houston, Texas on April 16, 2018.

_____
Gray H. Miller
United States District Judge