UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAY CHATHAM, *et al.*, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-17-2655 |
| § | |
| HARRIS COUNTY, TEXAS, § | |
| § | |
| *Defendant*. § | |

# MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Harris County's motion for summary judgment. Dkt. 25. Plaintiffs, Ray Chatham and Belinda Green, individually, and as next friends of JeRay Chatham (collectively, "Plaintiffs"), did not respond. Having considered the motion, the record, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This case involves the shooting of JeRay Chatham by a Harris County deputy. On November 17, 2015, Harris County Sheriff's deputies were dispatched to meet a woman that reported she was being followed by Chatham. Dkts. 25-1, 25-4. When the deputies arrived, Chatham drove off, and the deputies followed in their patrol vehicle. Dkt. 25-5. Chatham eventually stopped, got out of his car, and ran into a nearby apartment complex. *Id.* The deputies chased after him. *Id.* One deputy found Chatham behind a fenced patio of one of the apartments. Dkts. 25-5, 25-8. There, the deputy shot and killed Chatham from approximately seven feet away. Dkt. 25-8. The deputy alleges he feared for his life because Chatham was charging towards him with a knife in his hand. Dkt. 25-5.

Plaintiffs—Chatham's parents—sued Harris County under 42 U.S.C. § 1983, as well as the Texas Tort Claims Act (TTCA), Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2), 101.025. *Id.* at

6, 8. Plaintiffs claim that "Harris County, by and through the Sherriff's [sic] Department have a practice and pattern of exhibiting violent, provocative, oppressive[,] and abusive conduct by officers." Dkt. 3-1 at 5. Plaintiffs allege that Harris County knew about the unreasonable use of force against Chatham and ratified it. *Id.* Harris County now moves for summary judgment on all the claims against it. Dkt. 25.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). "For any matter on which the non-movant would bear the burden of proof at trial . . . the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant.

2

*Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008). In this case, Plaintiffs have failed to respond to the motion for summary judgment. The court cannot grant summary judgment by default even if there was a complete failure to respond to the motion. Fed. R. Civ. P. 56, Advisory Comm. Note (2010). However, the court may consider facts in the motion for summary judgment as undisputed unless the court knows of record evidence that shows grounds for genuine dispute. *Id.* Once the court has determined the facts, "it must determine the legal consequences of these facts and permissible inferences from them." *Id.*

### III. ANALYSIS

#### A. Section 1983

Section 1983 prohibits "persons" acting under the color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Municipalities and cities qualify as "persons" under § 1983. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690, 98 S. Ct. 2018 (1978). To state a claim for municipal liability under § 1983, a plaintiff must identify (a) a policymaker, (b) an official policy or custom or widespread practice, and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Id.* at 694; *see also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom." ).

Here, Plaintiffs have failed to provide evidence for any of the three elements of *Monell* liability. Plaintiffs have not produced any evidence of a policymaker. Plaintiffs do not point to any official policy that resulted in a violation of Chatham's constitutional rights. Plaintiffs also fail to provide any

evidence that Harris County's use of excessive force is a widespread practice or custom.[1] Finally, Plaintiffs provide no evidence of a policy that was the moving force behind any constitutional violation. Accordingly, because Plaintiffs failed to establish the elements required for municipal liability, Harris County's motion for summary judgment is GRANTED with regard to Plaintiffs' § 1983 claims.

B.     **Texas Torts Claims Act**

Plaintiffs also assert claims for (1) wrongful death; (2) negligence; (3) negligence per se; and (4) gross negligence under the Texas Tort Claims Act ("TTCA"). Dkt. 3-1 at 7. Harris County argues that Plaintiffs' claims are intentional torts, rather than negligence claims. Dkt. 25 at 30–31. As such, Plaintiffs' claims are not within the TTCA and Harris County retains its immunity. *Id.*

The TTCA creates a limited waiver of sovereign immunity for "certain negligent conduct, but it does not waive immunity for claims arising out of intentional torts." *Saenz v. City of El Paso*, 637 F. App'x 828, 830 (5th Cir. 2016) (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014)). Thus, "[i]f a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA." *Id.* Here, Plaintiffs initially framed their claims as negligence claims, however, discovery is complete, and Plaintiffs have not provided any evidence that the claims are due to negligent conduct, rather than an intentional tort. Even if the court looked at the original petition, Plaintiffs' petition simply alleges the

---

[1] In some instances, the failure to train or failure to supervise can amount to a policy for municipal liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390, 109 S. Ct. 1197 (1989). However, although Plaintiffs pled failure to train or supervise, Plaintiffs have failed to provide any evidence of Harris County's failure to train or supervise, so the court cannot conclude that this alleged failure constitutes a policy for purposes of municipal liability.

claims fall under the TTCA but does not explain how. *See* Dkt. 3-1.[2] Factual allegations in the complaint, while not evidence, appear to relate to intentional torts rather than negligence.[3] Because Plaintiffs have not presented sufficient evidence to support a negligence claim against Harris County, summary judgment is appropriate on their state-law claims. Harris County's motion for summary judgment on Plaintiffs' state-law claims under the TTCA is GRANTED.

### C. Race based claims under § 1983

In their complaint, Plaintiffs allege that they "will also show that Chatham's race contributed to the deprivation of his rights." Dkt. 11 at 4. To the extent, Plaintiffs are alleging a race based claim under § 1983, Harris County argues that Plaintiffs have not presented any evidence to support this claim. The court agrees. Harris County's motion for summary judgment on Plaintiffs' race based claims is GRANTED.

### D. Individual claims under § 1983

Plaintiffs also made a derivative claim under § 1983 for loss of consortium. *See Motor Express, Inc. v. Rodriguez*, 925 S.W.2d 638, 640 (Tex. 1996). Damages for loss of consortium are "recoverable only when the nonderivative claim results in physical injury." *Id.* Because there is no remaining claim pending in this action, Plaintiffs' loss of consortium claim fails. Harris County's motion for summary judgment on this claim is GRANTED.

---

[2] In their complaint, Plaintiffs listed failure to train and supervise as examples of policies that were the moving force in the cause of Chatham's death. Dkt. 11 at 3–4. The court interpreted these as examples of policies and not independent claims. Even if the court considered the failure to train and failure to supervise as their own independent claims, these claims would not be allowed under the TTCA. *Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir. 2009) (noting that the TTCA is not the appropriate vehicle for claims of negligent failure to train or supervise).

[3] Plaintiffs' own complaint refers to the incident as an "assault suffered by Plaintiff." Dkt. 11 at 5. Assaults are an example of intentional torts that are not actionable under the TTCA. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2).

## IV. Conclusion

Harris County's motion for summary judgment on all of Plaintiffs' claims is (Dkt. 25) is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on January 31, 2019.

_____
Gray H. Miller
Senior United States District Judge